

# KARLA KERPASH ALLSBERRY
## CLERK OF THE CIRCUIT COURT
LINCOLN COUNTY, MISSOURI
45TH JUDICIAL CIRCUIT

Lincoln County Justice Center
45 Business Park Drive
Troy, MO 63379
Phone 636-528-6300
Fax (636) 528-9168

IN RE:

     I, the undersigned Clerk of the Circuit Court, do hereby certify the attached

copies: _*Sixteen Pages*_ to be a true copy of the original as the same

appears in my office.

     IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the seal of the

said Court at my office in Troy, Missouri on this the _31st_ day of _January_ 2019.


_Karla Kerpash Allsberry_
Lincoln County Circuit Clerk


By: _Dianne Dell_ D.C.

Exhibit A

*Return*



# IN THE 45TH JUDICIAL CIRCUIT, LINCOLN COUNTY, MISSOURI

| Judge or Division:<br>PATRICK SEAN FLYNN | Case Number:  18L6-CC00163 | **FILED** |
|---|---|---|
| Plaintiff/Petitioner:<br>SUSAN MERRY | Plaintiff's/Petitioner's Attorney/Address<br>KEVIN JAMES KASPER<br>3930 OLD HWY 94 SOUTH<br>STE 108<br>ST CHARLES, MO  63304 | JAN 17 2019<br><br>Circuit Court<br>Lincoln County, MO |
| | vs. | |
| Defendant/Respondent:<br>LINCOLN COUNTY, STATE OF MISSOURI | Court Address:<br>45 BUSINESS PARK DR.<br>TROY, MO  63379 | |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | | *(Date File Stamp)* |

## ALIAS - Summons in Civil Case

The State of Missouri to:  LINCOLN COUNTY, STATE OF MISSOURI
                          Alias:

201 MAIN STREET
TROY, MO 63379

**COURT SEAL OF**

**LINCOLN COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.   *Karen Dye*

| 01-02-2019 | |
|---|---|
| Date | Clerk |

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with
_____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☑ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to:
*Michael Mueller* _____ (name) *Assoc. Commissioner* _____ (title).
☐ other: _____.

Served at *201 Main St. Troy* _____ (address)
in *Lincoln* _____ (County/City of St. Louis), MO, on *1/14/19* _____ (date) at *0840* (time).

*Deputy Kim Floyd 457* _____    *Deputy Kim Floyd 457* _____
Printed Name of Sheriff or Server                          Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**
*(Seal)*            Subscribed and sworn to before me on _____ (date).

My commission expires: _____    _____
                          Date                          Notary Public

| **Sheriff's Fees, if applicable** | |
|---|---|
| Summons | $ 20.00 |
| Non Est | $ _____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $ 10.00 |
| Mileage | $ 2.00 (_____ miles @ $_____ per mile) |
| **Total** | $ 32.00 PD |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (06-18) SM30 (SMCC) *For Court Use Only:* **Document Id # 19-SMCC-1**     1 of 1     Civil Procedure Form No. 1; Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

 **IN THE 45TH JUDICIAL CIRCUIT, LINCOLN COUNTY, MISSOURI**

| Judge or Division:<br>PATRICK SEAN FLYNN | Case Number: 18L6-CC00163 |
|---|---|
| Plaintiff/Petitioner:<br>SUSAN MERRY | Plaintiff's/Petitioner's Attorney/Address<br>KEVIN JAMES KASPER<br>3930 OLD HWY 94 SOUTH<br>STE 108<br>ST CHARLES, MO 63304 |
| vs. | |
| Defendant/Respondent:<br>LINCOLN COUNTY, STATE OF MISSOURI | Court Address:<br>45 BUSINESS PARK DR.<br>TROY, MO 63379 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | (Date File Stamp) |

## ALIAS - Summons in Civil Case

**The State of Missouri to:  LINCOLN COUNTY, STATE OF MISSOURI**
                                            **Alias:**

**201 MAIN STREET**
**TROY, MO 63379**

*COURT SEAL OF*

**LINCOLN COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

01-02-2019 *Karen Dye*
_____               _____
Date                                                      Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: _____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____               _____
Printed Name of Sheriff or Server                           Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*                    Subscribed and sworn to before me on _____ (date).

My commission expires: _____               _____
                                          Date                                         Notary Public

| **Sheriff's Fees, if applicable** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

Electronically Filed - LINCOLN COUNTY - December 31, 2018 - 11:08 AM

THE CIRCUIT COURT OF LINCOLN COUNTY, MISSOURI
CIRCUIT JUDGE DIVISION

SUSAN MERRY,                                )
                                            )
        Plaintiff,                          )
                                            )        Cause No.: 18L6-CC00163
v.                                          )
                                            )        Division No.:
LINCOLN COUNTY, STATE OF MISSOURI           )
        Serve:                              )
        201 Main Street                     )
        Troy, Mo 63379                      )
                                            )
        Defendant.                          )

## REQUEST FOR AN ALIAS SUMMONS

COMES NOW, Plaintiff, by and through her Counsel and hereby requests that an

Alias Summons be issued for the above cause due to incorrect previous address.

Lincoln County State of Missouri
201 Main Street
Troy, MO 63379

                            Respectfully submitted:
                            KASPER LAW FIRM, LLC


                            By: /s/ Kevin J. Kasper

                            Kevin J. Kasper, #52171
                            Ryan P. Schellert, #56710
                            3930 Old Hwy. 94 S., Suite 108
                            Saint Charles, MO 63304
                            Ph: 636-922-7100
                            Fax: 866-303-2874
                            Email: kevinkasper@kasperlawfirm.net
                            ryanschellert@kasperlawfirm.net
                            ATTORNEYS FOR PLAINTIFF



# IN THE 45TH JUDICIAL CIRCUIT, LINCOLN COUNTY, MISSOURI

| Judge or Division:<br>PATRICK SEAN FLYNN | Case Number:  18L6-CC00163 |
|---|---|
| Plaintiff/Petitioner:<br>SUSAN MERRY | Plaintiff's/Petitioner's Attorney/Address<br>KEVIN JAMES KASPER<br>3930 OLD HWY 94 SOUTH<br>STE 108<br>ST CHARLES, MO  63304 |
| vs. | |
| Defendant/Respondent:<br> LINCOLN COUNTY, STATE OF MISSOURI | Court Address:<br>45 BUSINESS PARK DR.<br>TROY, MO  63379 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:  LINCOLN COUNTY, STATE OF MISSOURI**
                                              **Alias:**

**65 BUSINESS PARK DR.**
**TROY, MO  63379**

*COURT SEAL OF*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

*LINCOLN COUNTY*

| 12-31-2018 | *Karen Dye* |
|---|---|
| Date | Clerk |

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: _____ (name) _____ (title).

☐ other: _____

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____     _____
Printed Name of Sheriff or Server                              Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____            _____
                                               Date                                              Notary Public

| **Sheriff's Fees, if applicable** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

Electronically Filed - LINCOLN COUNTY - December 28, 2018 - 03:57 PM

**18L6-CC00163**

IN THE CIRCUIT COURT OF LINCOLN COUNTY, MISSOURI
CIRCUIT JUDGE DIVISION

| | | |
|---|---|---|
| SUSAN MERRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Cause No.: |
| v. | ) | |
| | ) | Division No.: |
| LINCOLN COUNTY, STATE OF MISSOURI | ) | |
| Serve: | ) | |
| 65 Business Park Dr. | ) | |
| Troy, Mo 63379 | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |

## PETITION

COMES NOW Plaintiff Susan Merry, by and through her undersigned attorney, and for her Petition, states the following:

### NATURE OF THE ACTION

1. Count I-III of this Petition is authorized and instituted under Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101, et seq., Count IV of this Petition is authorized and instituted under the Family And Medical Leave Act, 29 U.S.C. § 2615 & 2617 ("FMLA").

### THE PARTIES

2. Plaintiff Susan Merry is an individual and resident of Lincoln County, Missouri

3. Defendant Lincoln County, a governmental entity organized and existing under the laws of the State of Missouri, with its principal place of residence in Lincoln County, Missouri.

1

Electronically Filed - LINCOLN COUNTY - December 28, 2018 - 03:57 PM

## VENUE AND JURISDICTION

4.    Personal jurisdiction and venue are proper because the events described in this Petition occurred in Lincoln County, Missouri.

## FACTS

5.    Plaintiff began working for Lincoln County in September 2005 in the Collector department.

6.    The County Collector Jerry Fox promoted Plaintiff to Deputy Collector in May 2012.

7.    Plaintiff is asthmatic.

8.    Plaintiff is disabled in that she has a physical impairment that substantially limits the major life activity of breathing.

9.    Defendant Lincoln County permitted a work environment that aggravated Plaintiff's condition, including, but not limited to:

        a.   permitting its employees to wear strong and offensive perfume; and

        b.   burning candles.

10.    Plaintiff suffered an asthma attack while working on May 17, 2016 due to the air conditions of Defendant's offices; she left work to receive medical attention and was not able to return the rest of the day.

11.    Plaintiff met with her supervisors, the Collector Jerry Fox and Chief Deputy Director Amanda Neel on May 18, 2016, and:

        a.   Discussed her medical condition with them;

        b.   Told them the office environment aggravated her asthma;

        c.   Told them that she hoped they could find a solution to the problem;

Electronically Filed - LINCOLN COUNTY - December 28, 2018 - 03:57 PM

    d.  Told them that strong perfume worn by her coworker aggravated her asthma;

    e.  Asked them to speak with the other employees about reducing the amount of perfume that they wore;

    f.  Told them that candle soot and scent aggravated her condition;

    g.  Told them that candle soot and scent covered her desk;

    h.  Requested that they not burn candles.

12.    The Chief Deputy Director Amanda Neel became enraged at Plaintiff's requests and screamed at Plaintiff that:

    a.  she could not put them in that position;

    b.  she would not comply with Plaintiff's requests;

    c.  She would not speak to Plaintiff's coworkers;

    d.  she did not want to "open that can of worms";

    e.  Plaintiff could not tell them not to burn candles;

    f.  Plaintiff needed to "live in a bubble".

13.    Amanda Neel began retaliating against Plaintiff after the May 18, 2016 meeting, including, but not limited to, taking away plaintiff's job duties and assignments and assigning them to other workers.

14.    Plaintiff complained to Collector Jerry Fox that Deputy Director Amanda Neel was retaliating against her; Plaintiff asked Fox if there was any issue with her job performance, and asked him to resolve the issues the Deputy Director.

15.    Fox responded that Plaintiff did a great job and was a hard worker, however, he failed to address Plaintiff's other concerns or take any action to mitigate the retaliation from Neel.

Electronically Filed - LINCOLN COUNTY - December 28, 2018 - 03:57 PM

16.     Plaintiff's physicians qualified Plaintiff for intermittent leave under the Family Medical Leave Act ("FMLA") due to flare-ups caused by environmental triggers at work, on May 25, 2016.

17.     Plaintiff gave the FMLA paperwork to Jerry Fox and Amanda Neel on May 26, 2016, which indicated that Plaintiff may be required to take several days absence from work to recuperate from flare-ups caused by workplace triggers.

18.     Amanda Neel further retaliated against Plaintiff after Plaintiff submitted the FMLA paperwork, by taking more tasks away from her and burning candles more frequently.

19.     Plaintiff's coworker began to wear her perfume stronger after Plaintiff requested that the staff reduce the amount of perfume that they wore.

20.     On June 9, 2016:Amanda Neel questioned Plaintiff about a medical appointment that Plaintiff had on June 10, 2016 at 12:40 p.m.; Neel told Plaintiff that she could not use her lunch hour for doctor appointments; Plaintiff told Neel that Jerry Fox had approved her to use her lunch time to go to the appointment and that she could use her personal time if the appointment took longer than her lunch hour; Neel told Plaintiff that Plaintiff thought she was better than everyone else and called Plaintiff a "fucking bitch" and walked out of the office.

21.     Plaintiff complained to Jerry Fox about the conduct of Neel several minutes after the confrontation by Neel; Fox confirmed that he had approved the changing of Plaintiff's lunch hour to correspond to the doctor appointment, that he did not know what Neel's problem was, and that Neel could not tell plaintiff how to spend her lunch hour; Plaintiff requested that Fox speak with Neel about her cussing at Plaintiff and calling her names and the retaliations that Neel was subjecting her to.

Electronically Filed - LINCOLN COUNTY - December 28, 2018 - 03:57 PM

22.    On June 13, 2016 plaintiff discovered that files she used in the performance of her job duties were missing from her computer; Neel indicated that she had come in over the weekend and deleted the files from Plaintiff's computer.

23.    On June 15, 2016, Plaintiff spoke with Jerry Fox regarding her issues with Amanda Neel; Fox indicated that he had spoken with Neel and that Neel indicated that she was upset because Plaintiff was using her lunch hour for a doctor appointment; Fox indicated that he had asked Neel if Plaintiff had any performance issues and that Neel indicated Plaintiff was doing a good job; Fox admitted that he did not speak with Neel about calling Plaintiff names; Plaintiff told Fox that it was wrong the way she was being treated and that she could not help having her medical condition; Fox agreed with Plaintiff and stated that he agreed that if was not right, and told Plaintiff to just come in and do her job and not say anything; Plaintiff indicated that if Fox would not take care of the situation then Plaintiff would need to file a grievance against Neel.

24.    On June 16, 2016, Plaintiff spoke the County Clerk Crystal Hall, who handled human resource matters for the County; Plaintiff explained the situation regarding her medical condition and her reactions to candles and perfume how she had been retaliated against by Neel, and that she wanted to file a grievance against Neel because of the hostile work environment and retaliation.

25.    On June 24, 2016, Crystal Hall sent Plaintiff a letter in which she stated "I strive to protect the County's best interest and the interest of all County employees. . . Please direct your concerns to Jerry Fox, County Collector."

26.    On July 5, 2016 Plaintiff discovered that her desk had been rearranged with items removed; Amanda Neel admitted that she had rearranged the desk and told Plaintiff that her coworker would be doing Plaintiff's job; Neel called Plaintiff "stupid" later that day.

Electronically Filed - LINCOLN COUNTY - December 28, 2018 - 03:57 PM

27.     On August 15, 2016 plaintiff's coworker told her that Amanda Neel and Kim Fischer, the woman who wore excessive perfume, threatened to quit if Plaintiff was not terminated.

28.     On August 15, 2016, Jerry Fox told Plaintiff that he wanted to meet with her after work; Plaintiff met with Fox at 4:35 p.m. that day; Fox told Plaintiff that he knew there were problems in the office between Amanda Neel and Plaintiff;  Plaintiff reminded Fox that she had brought the issues to him on several occasions and that he agreed with how wrongly she had been treated; Fox told plaintiff that she was being terminated for the "greater good of the office"; Fox admitted that Neel and Fischer had threatened to quit and indicated that it was "easier to replace one than two";  Plaintiff indicated that she needed her job and that any issues could be worked out; Fox instructed Plaintiff to come in the next day at 4:30 for a meeting with Neel and himself, and indicated that if Neel could not give a good reason to terminate Plaintiff then he would not terminate me.

29.     On August 16, 2016, Jerry Fox called Plaintiff and told her to not "bother coming in" because Amanda Neel would not sit down for a meeting; he told Plaintiff that he was sorry and knew that it was not right.


## COUNT I – DISCRIMINATION IN VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

30.   Plaintiff restates and realleges the foregoing paragraphs as though set forth fully herein.

31.   Plaintiff is disabled as defined under the Americans with Disabilities Act of 1990, as amended ("ADA").

32.   The Plaintiff's disabilities inhibit major life activities including breathing.

33.   The Plaintiff is a member of the class of people intended to be protected by the Americans with Disabilities Act of 1990, as amended.

6

Electronically Filed - LINCOLN COUNTY - December 28, 2018 - 03:57 PM

34.  Plaintiff was able to perform the essential job functions of her position with the County.

35.  Defendant Lincoln County was aware of Plaintiff's disability.

36.  At all relevant times herein, the Defendant was an employer as defined by the ADA.

37.  Defendant intentionally engaged in unlawful employment practices in violation of 42 U.S.C. § 12101, *et seq.*, of Title I of the ADA, by practices including but not limited to the following:

a.      Refusing to grant Plaintiff the reasonable accommodation of requesting employees reduce the amount of perfume that they wear;

b.      Refusing to grant Plaintiff the reasonable accommodation of prohibiting employees form wearing excessive perfume;

c.      Refusing to grant Plaintiff the reasonable accommodation of requesting employees reduce the burning of candles;

d.      Refusing to grant Plaintiff the reasonable accommodation of prohibiting the burning of candles in the office;

e.      Subjecting Plaintiff to a hostile work environment;

f.      Increasing the burning of candles;

g.      Increasing the wearing of perfume;

h.      Harassing Plaintiff about her medical visits;

i.      Calling Plaintiff names;

j.      Rearranging her desk;

k.      Deleting files from her computer;

l.      Taking away plaintiff's job duties;

7

Electronically Filed - LINCOLN COUNTY - December 28, 2018 - 03:57 PM

    m.      Telling Plaintiff she was not allowed to use her lunch for her medical

           appointments related to her disability;

    n.      Terminating Plaintiff.

38.   The actions by Lincoln County and its agents and employees against Plaintiff were because of Plaintiff's disability or perceived disability.

39.   The harassment Plaintiff was subjected to affected the terms, conditions, or privileges of her employment.

40.   As a direct and proximate result of these unlawful employment practices, Plaintiff has suffered losses of wages, benefits, experience, and career advancement, incurred attorney fees and also have suffered mental anguish and humiliation.

41.   Because of these damages, Plaintiff is entitled to such affirmative relief as may be appropriate, including but not limited to reinstatement, lost wages, and benefits in accordance with the provisions of Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101, *et seq.*

42.   Defendant acted with malice and reckless indifference to the rights of Plaintiff.


WHEREFORE, Plaintiff Susan Merry prays this honorable court enter Judgment against the Defendant Lincoln County, State of Missouri and in favor of the Plaintiff, to award the Plaintiff actual damages in the amount determined at trial but in excess of $25,000.00, for nominal damages in the event no actual damages are found, for back pay, front pay, for lost benefits, for punitive damages, liquidated damages, for interest, for her costs and attorney's fees, for damages for past and future mental anguish, inconvenience, loss quality of life, and pain and

Electronically Filed - LINCOLN COUNTY - December 28, 2018 - 03:57 PM

suffering, for interest on all amounts, and for such other and further relief as the Court deems just and proper.

## COUNT II – FAILURE TO ACCOMMODATE IN VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

43.   Plaintiff restates and reallege the foregoing paragraphs as though set forth fully herein.

44.   Plaintiff is disabled as defined under the Americans with Disabilities Act of 1990, as amended ("ADA").

45.   The Plaintiff's disabilities inhibit major life activities including breathing.

46.   The Plaintiff is a member of the class of people intended to be protected by the Americans with Disabilities Act of 1990, as amended.

47.   At all relevant times herein, the Defendant was an employer as defined by the ADA.

48.   Plaintiff was able to perform the essential job functions of her position with the County.

49.   Defendant Lincoln County was aware of Plaintiff's disability.

50.   An accommodation was required Plaintiff's disability.

51.   Lincoln County did not make a good faith effort to assist Plaintiff in seeking accommodations.

52.   Plaintiff could have been reasonably accommodated but for Lincoln County's lack of good faith.

53.   Defendant intentionally engaged in unlawful employment practices in violation of 42 U.S.C. § 12101, *et seq*., of Title I of the ADA, by practices including but not limited to the following:

Electronically Filed - LINCOLN COUNTY - December 28, 2018 - 03:57 PM

 a. Refusing to grant Plaintiff the reasonable accommodation of requesting employees reduce the amount of perfume that they wear;

 b. Refusing to grant Plaintiff the reasonable accommodation of prohibiting employees form wearing excessive perfume;

 c. Refusing to grant Plaintiff the reasonable accommodation of requesting employees reduce the burning of candles;

 d. Refusing to grant Plaintiff the reasonable accommodation of prohibiting the burning of candles in the office;

54. As a direct and proximate result of these unlawful employment practices, Plaintiff has suffered losses of wages, benefits, experience, and career advancement, incurred attorney fees and also have suffered mental anguish and humiliation.

55. Because of these damages, Plaintiff is entitled to such affirmative relief as may be appropriate, including but not limited to reinstatement, lost wages, and benefits in accordance with the provisions of Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101, *et seq.*

56. Defendant acted with malice and reckless indifference to the rights of Plaintiff.

WHEREFORE, Plaintiff Susan Merry prays this honorable court enter Judgment against the Defendant Lincoln County, State of Missouri and in favor of the Plaintiff, to award the Plaintiff actual damages in the amount determined at trial but in excess of $25,000.00, for nominal damages in the event no actual damages are found, for back pay, front pay, for lost benefits, for punitive damages, liquidated damages, for interest, for her costs and attorney's fees, for damages for past and future mental anguish, inconvenience, loss quality of life, and pain and

Electronically Filed - LINCOLN COUNTY - December 28, 2018 - 03:57 PM

suffering, for interest on all amounts, and for such other and further relief as the Court deems just and proper.

## COUNT III – RETALIATION IN VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

57.   Plaintiff restates and realleges the foregoing paragraphs as though set forth fully herein.

58.   Plaintiff is disabled as defined under the Americans with Disabilities Act of 1990, as amended ("ADA").

59.   The Plaintiff's disabilities inhibit major life activities including breathing.

60.   The Plaintiff is a member of the class of people intended to be protected by the Americans with Disabilities Act of 1990, as amended.

61.   Plaintiff was able to perform the essential job functions of her position with the County.

62.   Defendant Lincoln County was aware of Plaintiff's disability.

63.   At all relevant times herein, the Defendant was an employer as defined by the ADA.

64.   Defendant intentionally engaged in unlawful employment practices in violation of 42 U.S.C. § 12101, *et seq*., of Title I of the ADA, by practices including but not limited to the following:

   a.   Refusing to grant Plaintiff the reasonable accommodation of requesting employees reduce the amount of perfume that they wear;

   b.   Refusing to grant Plaintiff the reasonable accommodation of prohibiting employees form wearing excessive perfume;

   c.   Refusing to grant Plaintiff the reasonable accommodation of requesting employees reduce the burning of candles;

Electronically Filed - LINCOLN COUNTY - December 28, 2018 - 03:57 PM

    d.   Refusing to grant Plaintiff the reasonable accommodation of prohibiting the burning of candles in the office;

    e.   Subjecting Plaintiff to a hostile work environment;

    f.   Increasing the burning of candles;

    g.   Increasing the wearing of perfume;

    h.   Harassing Plaintiff about her medical visits;

    i.   Calling Plaintiff names;

    j.   Rearranging her desk;

    k.   Deleting files from her computer;

    l.   Taking away plaintiff's job duties;

    m.   Telling Plaintiff she was not allowed to use her lunch for her medical appointments related to her disability;

    n.   Terminating Plaintiff.

65.   The actions by Lincoln County and its agents and employees against Plaintiff were because of Plaintiff sought accommodations under the ADA or complained about retaliation from her previous requests for accommodations.

66.   As a direct and proximate result of these unlawful employment practices, Plaintiff has suffered losses of wages, benefits, experience, and career advancement, incurred attorney fees and also have suffered mental anguish and humiliation.

67.   Because of these damages, Plaintiff is entitled to such affirmative relief as may be appropriate, including but not limited to reinstatement, lost wages, and benefits in accordance with the provisions of Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101, *et seq*.

Electronically Filed - LINCOLN COUNTY - December 28, 2018 - 03:57 PM

68.     Defendant acted with malice and reckless indifference to the rights of Plaintiff.

WHEREFORE, Plaintiff Susan Merry prays this honorable court enter Judgment against the Defendant Lincoln County, State of Missouri and in favor of the Plaintiff, to award the Plaintiff actual damages in the amount determined at trial but in excess of $25,000.00, for nominal damages in the event no actual damages are found, for back pay, front pay, for lost benefits, for punitive damages, liquidated damages, for interest, for her costs and attorney's fees, for damages for past and future mental anguish, inconvenience, loss quality of life, and pain and suffering, for interest on all amounts, and for such other and further relief as the Court deems just and proper.

## COUNT IV – VIOLATIONS OF THE FAMILY MEDICAL LEAVE ACT

69.     Plaintiff restates and reallege the foregoing paragraphs as though set forth fully herein.

70.     This Count is authorized and instituted under the Family and Medical Leave Act, 29 U.S.C. § 2615 & 2617 ("FMLA").

71.     Defendant intentionally engaged in unlawful employment practices in violation of FMLA, by practices including but not limited to the following:

      a.   Subjecting Plaintiff to a hostile work environment;

      b.   Increasing the burning of candles;

      c.   Increasing the wearing of perfume;

      d.   Harassing Plaintiff about her medical visits;

      e.   Calling Plaintiff names;

      f.   Rearranging her desk;

Electronically Filed - LINCOLN COUNTY - December 28, 2018 - 03:57 PM

g.  Deleting files from her computer;

h.  Taking away plaintiff's job duties;

i.  Telling Plaintiff she was not allowed to use her lunch for her medical appointments related to her disability;

j.  Terminating Plaintiff.

72.    Defendant's actions were motivated by Plaintiff's attempts to exercise here rights under the FMLA or because Plaintiff complained about violations of her rights under the FMLA.

73.    Defendant knew or showed reckless disregard for the matter of whether its conduct was prohibited by the FMLA.

74.    Defendant violations of the FMLA were willful.

75.    Defendant acted with malice and reckless indifference to the rights of Plaintiff.


WHEREFORE, Plaintiff Susan Merry prays this honorable court enter Judgment against the Defendant Lincoln County, State of Missouri and in favor of the Plaintiff, to award the Plaintiff actual damages in the amount determined at trial but in excess of $25,000.00, for nominal damages in the event no actual damages are found, for back pay, front pay, for lost benefits, for punitive damages, liquidated damages, for interest, for her costs and attorney's fees, for damages for past and future mental anguish, inconvenience, loss quality of life, and pain and suffering, for interest on all amounts, and for such other and further relief as the Court deems just and proper.


## DEMAND FOR A JURY TRIAL

Plaintiff, through counsel, respectfully requests a trial by jury on all issues.

Electronically Filed - LINCOLN COUNTY - December 28, 2018 - 03:57 PM

Respectfully submitted,

**KASPER LAW FIRM, LLC**

By: */s/ Kevin J. Kasper*
Kevin J. Kasper, #52171MO
Ryan P. Schellert, #56710MO
3930 Old Hwy 94 South - Suite 108
St. Charles, MO 63304
Ph: 636-922-7100
Fax: 866-303-2874
Email: KevinKasper@KasperLawFirm.net
Email: RyanSchellert@KasperLawFirm.net

*ATTORNEYS FOR PLAINTIFF*

15

 **Your Missouri Courts** 

Search for Cases by: Select Search Method... ▼

Judicial Links | eFiling | Help | Contact Us | Print                          Logon

**18L6-CC00163 - SUSAN MERRY V LINCOLN COUNTY, STATE OF MISSOURI (E-CASE)**

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

This information is provided as a service and is not considered an official court record.

Sort Date Entries: ● Descending ○ Ascending          Display Options: All Entries ▼

---

**01/17/2019**     **Corporation Served**
Document ID - 19-SMCC-1; Served To - LINCOLN COUNTY, STATE OF MISSOURI; Server - SO LINCOLN COUNTY-TROY; Served Date - 14-JAN-19; Served Time - 08:40:00; Service Type - Sheriff Department; Reason Description - Served; Service Text - Accepted by Michael Mueller - Assoc Commissioner

**01/02/2019**     **Summons Issued-Circuit**
Document ID: 19-SMCC-1, for LINCOLN COUNTY, STATE OF MISSOURI.- ALIAS SUMMONS

**12/31/2018**     **Alias Summons Requested**
Request for Alias Summons.
   **Filed By:** KEVIN JAMES KASPER
   **On Behalf Of:** SUSAN MERRY

**Summons Issued-Circuit**
Document ID: 18-SMCC-461, for LINCOLN COUNTY, STATE OF MISSOURI.

**12/28/2018**     **Filing Info Sheet eFiling**
   **Filed By:** KEVIN JAMES KASPER

**Pet Filed in Circuit Ct**
Petition.
   **On Behalf Of:** SUSAN MERRY

**Judge Assigned**

---